### CATZER v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Term. November 24, 1908.)

DAMAGES (§ 132*)—EXCESSIVE DAMAGES—PERSONAL INJURIES.

Plaintiff's hands were cut by a piece of glass, and two fingers of the right and left hand were swollen, the scar on his right hand being permanent, and he suffered pain for five months thereafter. Plaintiff's wages were $12 a week, and the injuries incapacitated him for work for four weeks. *Held*, that a judgment for plaintiff for $250 was excessive, and would be reduced to $100.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 379; Dec. Dig. § 132.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Catzer against the Brooklyn, Queens County & Suburban Railroad Company. From a judgment for plaintiff, defendant appealed. Reversed, and new trial ordered, unless plaintiff accepts the judgment as reduced, when it will be affirmed as modified.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George D. Yeomans (Francis R. Stoddard, Jr., of counsel), for appellant.

Henry Lieb, for respondent.

PER CURIAM. The judgment is excessive, and should be reversed, unless the plaintiff be willing to accept $100.

Judgment reversed and a new trial ordered, unless the plaintiff will stipulate within five days to modify the judgment by reducing the same to $100 and appropriate costs in the court below, in which event the judgment as modified will be affirmed without costs in this court.

SEABURY, J. I dissent. This action was tried by the court without a jury and judgment was awarded for the plaintiff for $250. The action was brought to recover damages for personal injuries. The plaintiff's hands were struck by pieces of glass and cut, and two fingers of the right hand and the left hand were swollen. The testimony shows that the scar on the plaintiff's right hand will be permanent, and that up to the day of the trial, which was five months after the accident, the plaintiff suffered pain from his injuries. The plaintiff was employed at the rate of $12 a week, and by reason of his injuries was unable to work for a period of four weeks. In view of these circumstances, I think that this court has no right to reduce the plaintiff's recovery to $100. The judgment should be affirmed, with costs.